**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INNOVATIVE DISPLAY TECHNOLOGIES LLC,** | |
| Plaintiff, | **Case No. 2:14-cv-145** |
| v. | **JURY TRIAL DEMANDED** |
| **NIKON INC. AND NIKON CORPORATION,** | |
| Defendants. | |

## PLAINTIFF'S COMPLAINT

Plaintiff Innovative Display Technologies LLC, by and through its undersigned counsel, files this Complaint against Defendants Nikon Inc. and Nikon Corporation (hereinafter collectively referred to as "Nikon" or "Defendants").

## THE PARTIES

1.      Innovative Display Technologies LLC is a Texas limited liability company with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2.      Nikon Inc. is a New York corporation with its principal place of business located at 1300 Walt Whitman Rd, Melville, New York 11747-3064.  Nikon Inc. can be served with process at its principal place of business at 1300 Walt Whitman Road, Melville, New York 11747.

3.      Nikon Corporation is a Japanese corporation with its principal place of business located at Shin-Yurakucho Bldg., 12-1, Yurakucho 1-chome, Chiyoda-ku, Tokyo 100-8331, Japan.  Nikon Corporation can be served with process at its principal place of business at Shin-Yurakucho Bldg., 12-1, Yurakucho 1-chome, Chiyoda-ku, Tokyo 100-8331, Japan.

4.      Defendants have conducted and regularly conduct business within this District, have purposefully availed themselves of the privileges of conducting business in this District, and have sought protection and benefit from the laws of the State of Texas.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Law of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      As further detailed herein, this Court has personal jurisdiction over Defendants. Defendants are amenable to service of summons for this action.  Furthermore, personal jurisdiction over Defendants in this action comports with due process.  Defendants have conducted and regularly conduct business within the United States and this District.  Defendants have purposefully availed themselves of the privileges of conducting business in the United States, and more specifically in Texas and this District.  Defendants have sought protection and benefit from the laws of the State of Texas by maintaining offices of Nikon Corporation's United States subsidiaries in Texas and/or by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

7.      Defendants directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ship, distribute, offer for sale, and/or sell their products in the United States and this District.  Defendants have purposefully and voluntarily placed one or more of their infringing products, as described below, into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District.  Defendants knowingly and purposefully ship infringing products into and within this

2

District through an established distribution channel.  These infringing products have been and continue to be purchased by consumers in this District.  Through those activities, Defendants have committed the tort of patent infringement in this District.  Plaintiff's cause of action for patent infringement arises directly from Defendants' activities in this District

8.      Venue is proper in this Court according to the venue provisions set forth by 28 U.S.C. §§ 1391(b)-(d) and 1400 (b).  Defendants are subject to personal jurisdiction in this District, and therefore are deemed to reside in this District for purposes of venue.  Defendants have committed acts within this judicial District giving rise to this action and does business in this District, including but not limited to making sales in this District, providing service and support to their respective customers in this District, and/or operating an interactive website, available to persons in this District that advertises, markets, and/or offers for sale infringing products.

## **BACKGROUND**

### A.      **The Patents-In-Suit**

9.      U.S. Patent No. 6,755,547 titled "Light Emitting Panel Assemblies" ("the '547 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 29, 2004, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '547 patent. The '547 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '547 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '547 patent is attached as **Exhibit A** and made a part hereof.

10.     U.S. Patent No. 7,300,194 titled "Light Emitting Panel Assemblies" ("the '194 patent") was duly and legally issued by the U.S. Patent and Trademark Office on November 27,

2007, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '194 patent. The '194 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '194 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '194 patent is attached as **Exhibit B** and made a part hereof.

11.     U.S. Patent No. 7,384,177 titled "Light Emitting Panel Assemblies" ("the '177 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 10, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '177 patent. The '177 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '177 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '177 patent is attached as **Exhibit C** and made a part hereof.

12.     U.S. Patent No. 7,404,660 titled "Light Emitting Panel Assemblies" ("the '660 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 29, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '660 patent. The '660 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '660 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '660 patent is attached as **Exhibit D** and made a part hereof.

13.     U.S. Patent No. 7,434,974 titled "Light Emitting Panel Assemblies" ("the '974 patent") was duly and legally issued by the U.S. Patent and Trademark Office on October 14, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '974 patent. The '974 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and

interest in the '974 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '974 patent is attached as **Exhibit E** and made a part hereof.

14.     U.S. Patent No. 7,537,370 titled "Light Emitting Panel Assemblies" ("the '370 patent") was duly and legally issued by the U.S. Patent and Trademark Office on May 26, 2009, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '370 patent. The '370 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '370 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '370 patent is attached as **Exhibit F** and made a part hereof.

15.     U.S. Patent No. 8,215,816 titled "Light Emitting Panel Assemblies" ("the '816 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 10, 2012, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '816 patent. The '816 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '816 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '816 patent is attached as **Exhibit G** and made a part hereof.

16.     U.S. Patent No. 7,160,015 titled "Light Emitting Panel Assemblies" ("the '015 patent") was duly and legally issued by the U.S. Patent and Trademark Office on January 9, 2007, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '015 patent.  The '015 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '015 patent, including the right to collect and receive damages for past, present and

future infringements.  A true and correct copy of the '015 patent is attached as **Exhibit H** and made a part hereof.

17.     U.S. Patent No. 7,736,043 titled "Light Emitting Panel Assemblies" ("the '043 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 15, 2010, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '043 patent. The '043 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '043 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '043 patent is attached as **Exhibit I** and made a part hereof.

18.     U.S. Patent No. 7,963,687 titled "Light Emitting Panel Assemblies" ("the '687 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 21, 2011, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '687 patent. The '687 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '687 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '687 patent is attached as **Exhibit J** and made a part hereof.

19.     U.S. Patent No. 8,142,063 titled "Light Emitting Panel Assemblies" ("the '063 patent") was duly and legally issued by the U.S. Patent and Trademark Office on March 27, 2012, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '063 patent.  The '063 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '063 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '063 patent is attached as **Exhibit K** and made a part hereof.

20.     U.S. Patent No. 6,079,838 titled "Light Emitting Panel Assemblies" ("the '838 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 27, 2000, after full and fair examination.  Jeffery R. Parker, Mark D. Miller, and Daniel N. Kelsch are the named inventors listed on the '838 patent.  The '838 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '838 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '838 patent is attached as **Exhibit L** and made a part hereof.

21.     U.S. Patent No. 7,165,873 titled "Light Emitting Panel Assemblies" ("the '873 patent") was duly and legally issued by the U.S. Patent and Trademark Office on January 23, 2007, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '873 patent.  The '873 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '873 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '873 patent is attached as **Exhibit M** and made a part hereof.

22.     Jeffery R. Parker is an inventor of the '547 patent, the '194 patent, the '177 patent, the '660 patent, the '838 patent, the '974 patent, the '370 patent, the '015 patent, the '043 patent, the '687 patent, the '063 patent, the '873 patent and the '816 patent (collectively, the "patents-in-suit").  In total, he is a named inventor on over eighty-five (85) U.S. patents.

**B.     Defendants' Infringing Conduct**

23.     Defendants make, use, offer to sell, and/or sell within, and/or import into the United States display products that incorporate the fundamental technologies covered by the patents-in-suit. The infringing display products include, but are not limited to, digital cameras.

24.     By incorporating the fundamental inventions covered by the patents-in-suit, Defendants can make improved products, including but not limited to, longer displays, thinner displays, and/or displays with a higher light output, a more uniform light output, and/or a lower power requirement.

25.     Third-party distributors purchase and have purchased Defendants' infringing display products for sale or importation into the United States, including this District.  Third-party consumers use and have used Defendants' infringing display products in the United States, including this District.

26.     Defendants have purchased infringing display products that are made, offered for sale, sold within, and/or imported into the United States, including this District by third party manufacturers, distributors, and/or importers.

<u>**COUNT I**</u>
<u>**Patent Infringement of U.S. Patent No. 6,755,547**</u>

27.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-26 as though fully set forth herein.

28.     The '547 patent is valid and enforceable.

29.     Defendants have never been licensed, either expressly or impliedly, under the '547 patent.

30.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement.  Plaintiff surmises that any express licensees of the '547 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '547 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

31.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '547 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '547 patent, including but not limited to, digital cameras (e.g., Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '547 patent.

32.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '547 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '547 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

33.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '547 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '547 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

34.     Defendants had knowledge of the '547 patent since at least the filing of this Complaint or before.

35.     Since at least the filing of this Complaint or before, Defendants have actively induced, under 35 U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '547 patent.  Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '547 patent.  Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these productions to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

36.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '547 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT II
## Patent Infringement of U.S. Patent No. 7,300,194

37.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-36 as though fully set forth herein.

38.     The '194 patent is valid and enforceable.

39.     Defendants have never been licensed, either expressly or impliedly, under the '194 patent.

40.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '194 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '194 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

41.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '194 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '194 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '194 patent.

42.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '194 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by using,

offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

43.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '194 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

44.    Defendants had knowledge of the '194 patent since at least the filing of this Complaint or before.

45.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '194 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '194 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

46.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '194 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT III
## Patent Infringement of U.S. Patent No. 7,384,177

47.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-46 as though fully set forth herein.

48.     The '177 patent is valid and enforceable.

49.     Defendants have never been licensed, either expressly or impliedly, under the '177 patent.

50.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '177 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '177 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

51.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '177 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '177 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other

13

products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '177 patent.

52.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '177 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

53.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '177 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

54.     Defendants had knowledge of the '177 patent since at least the filing of this Complaint or before.

55.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '177 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '177 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating

advertisements that promote the infringing use of display products, creating established

distribution channels for these products into and within the United States, purchasing these

products, manufacturing these products in conformity with U.S. laws and regulations,

distributing or making available instructions or manuals for these products to purchasers and

prospective buyers, and/or providing technical support, replacement parts, or services for these

products to these purchasers in the United States.

56.     As a direct and proximate result of these acts of patent infringement, Defendants

have encroached on the exclusive rights of Plaintiff and its licensees to practice the '177 patent,

for which Plaintiff is entitled to at least a reasonable royalty.

**COUNT IV**
**Patent Infringement of U.S. Patent No. 7,404,660**

57.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-56 as

though fully set forth herein.

58.     The '660 patent is valid and enforceable.

59.     Defendants have never been licensed, either expressly or impliedly, under the

'660 patent.

60.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff

has complied with the requirements of that statute by providing actual or constructive notice to

Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '660

patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '660 patent on all goods made, offered for sale, sold within, and/or imported into the United

States that embody one or more claims of that patent.

61.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either

literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b), the '660 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '660 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '660 patent.

62.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '660 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

63.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '660 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

64.     Defendants had knowledge of the '660 patent since at least the filing of this Complaint or before.

65.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '660 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '660 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

66.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '660 patent, for which Plaintiff is entitled to at least a reasonable royalty.

**COUNT V**
**Patent Infringement of U.S. Patent No. 7,434,974**

67.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-66 as though fully set forth herein.

68.     The '974 patent is valid and enforceable.

69.     Defendants have never been licensed, either expressly or impliedly, under the '974 patent.

70.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '974 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '974 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

71.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '974 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '974 patent.

72.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '974 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

73.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '974 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

74.     Defendants had knowledge of the '974 patent since at least the filing of this Complaint or before.

75.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '974 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '974 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

76.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '974 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT VI
## Patent Infringement of U.S. Patent No. 7,537,370

77.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-76 as though fully set forth herein.

78.     The '370 patent is valid and enforceable.

79.     Defendants have never been licensed, either expressly or impliedly, under the '370 patent.

80.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '370 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '370 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

81.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '370 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '370 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other

products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '370 patent.

82.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '370 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '370 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

83.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '370 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '370 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

84.     Defendants had knowledge of the '370 patent since at least the filing of this Complaint or before.

85.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '370 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '370 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating

advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

86.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '370 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT VII
## Patent Infringement of U.S. Patent No. 8,215,816

87.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-86 as though fully set forth herein.

88.     The '816 patent is valid and enforceable.

89.     Defendants have never been licensed, either expressly or impliedly, under the '816 patent.

90.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '816 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '816 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

91.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b), the '816 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '816 patent.

92.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '816 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

93.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '816 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

94.     Defendants had knowledge of the application that issued into the '816 patent since at least the filing of this Complaint or before.

95.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '816 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '816 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

96.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '816 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT VIII
## Patent Infringement of U.S. Patent No. 7,160,015

97.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-96 as though fully set forth herein.

98.     The '015 patent is valid and enforceable.

99.     Defendants have never been licensed, either expressly or impliedly, under the '015 patent.

100.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '015 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '015 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

101.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '015 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '015 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '015 patent.

102.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '015 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '015 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

103.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '015 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '015 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

104.    Defendants had knowledge of the application that issued into the '015 patent since at least the filing of this Complaint or before.

105.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '015 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '015 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

106.    As a direct and proximate result of these acts of patent infringement, Defendants

have encroached on the exclusive rights of Plaintiff and its licensees to practice the '015 patent,

for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT IX
## Patent Infringement of U.S. Patent No. 7,736,043

107.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-106 as

though fully set forth herein.

108.    The '043 patent is valid and enforceable.

109.    Defendants have never been licensed, either expressly or impliedly, under the

'043 patent.

110.    To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff

has complied with the requirements of that statute by providing actual or constructive notice to

Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '043

patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '043 patent on all goods made, offered for sale, sold within, and/or imported into the United

States that embody one or more claims of that patent.

111.    Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either

literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b), the '043 patent by making, using, offering to sell,

and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through

intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or

importing into the United States, without authority, display products that include all of the

limitations of one or more claims of the '043 patent, including but not limited to digital cameras

(*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other

products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '043 patent.

112.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '043 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '043 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

113.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '043 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '043 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

114.    Defendants had knowledge of the application that issued into the '043 patent since at least the filing of this Complaint or before.

115.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '043 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '043 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating

advertisements that promote the infringing use of display products, creating established

distribution channels for these products into and within the United States, purchasing these

products, manufacturing these products in conformity with U.S. laws and regulations,

distributing or making available instructions or manuals for these products to purchasers and

prospective buyers, and/or providing technical support, replacement parts, or services for these

products to these purchasers in the United States.

116.    As a direct and proximate result of these acts of patent infringement, Defendants

have encroached on the exclusive rights of Plaintiff and its licensees to practice the '043 patent,

for which Plaintiff is entitled to at least a reasonable royalty.

### COUNT X
### Patent Infringement of U.S. Patent No. 7,963,687

117.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-116 as

though fully set forth herein.

118.    The '687 patent is valid and enforceable.

119.    Defendants have never been licensed, either expressly or impliedly, under the

'687 patent.

120.    To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff

has complied with the requirements of that statute by providing actual or constructive notice to

Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '687

patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '687 patent on all goods made, offered for sale, sold within, and/or imported into the United

States that embody one or more claims of that patent.

121.    Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either

literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b), the '687 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '687 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '687 patent.

122.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '687 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '687 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

123.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '687 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '687 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

124.    Defendants had knowledge of the application that issued into the '687 patent since at least the filing of this Complaint or before.

125.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '687 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '687 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

126.    As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '687 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT XI
## Patent Infringement of U.S. Patent No. 8,142,063

127.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-126 as though fully set forth herein.

128.    The '063 patent is valid and enforceable.

129.    Defendants have never been licensed, either expressly or impliedly, under the '063 patent.

130.    To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff

has complied with the requirements of that statute by providing actual or constructive notice to

Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '063

patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '063 patent on all goods made, offered for sale, sold within, and/or imported into the United

States that embody one or more claims of that patent.

131.    Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either

literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b), the '063 patent by making, using, offering to sell,

and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through

intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or

importing into the United States, without authority, display products that include all of the

limitations of one or more claims of the '063 patent, including but not limited to digital cameras

(*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other

products made, used, sold, offered for sale, or imported by Defendants that include all of the

limitations of one or more claims of the '063 patent.

132.    Distributors and consumers that purchase Defendants' products that include all of

the limitations of one or more claims of the '063 patent, including but not limited to digital

cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either

literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '063 patent by using,

offering to sell, and/or selling infringing display products in this District and elsewhere in the

United States.

133.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '063 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '063 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

134.     Defendants had knowledge of the application that issued into the '063 patent since at least the filing of this Complaint or before.

135.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '063 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '063 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

136.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '063 patent, for which Plaintiff is entitled to at least a reasonable royalty.

### COUNT XII
### Patent Infringement of U.S. Patent No. 6,079,838

137.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-136 as though fully set forth herein.

138.     The '838 patent is valid and enforceable.

139.     Defendants have never been licensed, either expressly or impliedly, under the '838 patent.

140.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '838 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '838 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

141.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '838 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '838 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other

products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '838 patent.

142.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '838 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '838 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

143.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '838 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '838 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

144.    Defendants had knowledge of the application that issued into the '838 patent since at least the filing of this Complaint or before.

145.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '838 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '838 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating

advertisements that promote the infringing use of display products, creating established

distribution channels for these products into and within the United States, purchasing these

products, manufacturing these products in conformity with U.S. laws and regulations,

distributing or making available instructions or manuals for these products to purchasers and

prospective buyers, and/or providing technical support, replacement parts, or services for these

products to these purchasers in the United States.

146.    As a direct and proximate result of these acts of patent infringement, Defendants

have encroached on the exclusive rights of Plaintiff and its licensees to practice the '838 patent,

for which Plaintiff is entitled to at least a reasonable royalty.

### COUNT XIII
### Patent Infringement of U.S. Patent No. 7,165,873

147.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-146 as

though fully set forth herein.

148.    The '873 patent is valid and enforceable.

149.    Defendants have never been licensed, either expressly or impliedly, under the

'873 patent.

150.    To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff

has complied with the requirements of that statute by providing actual or constructive notice to

Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '873

patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '873 patent on all goods made, offered for sale, sold within, and/or imported into the United

States that embody one or more claims of that patent.

151.    Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either

literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b), the '873 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '873 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '873 patent.

152.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '873 patent, including but not limited to digital cameras (*e.g.*, Nikon 1 J1 DSLR Camera and Nikon D3200), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '873 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

153.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '873 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '873 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

154.    Defendants had knowledge of the application that issued into the '873 patent since at least the filing of this Complaint or before.

155.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '873 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '873 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

156.    As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '873 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## CONCLUSION

157.    Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

158.    Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the

meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

159.    Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

160.    Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.    A judgment that Defendants have infringed the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

B.    A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Defendants;

C.    A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, and any royalties determined to be appropriate;

D.    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with them from direct and/or indirect infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

E.    A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

F.    A judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

G.    Such other and further relief as the Court deems just and equitable.

Dated:  February 27, 2014

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

/s/ Anthony G. Simon____
Anthony G. Simon
Timothy D. Krieger
Michael P. Kella
Benjamin R. Askew
Stephanie H. To
800  Market Street, Suite 1700
St. Louis, MO 63101
P. 314-241-2929
F. 314-241-2029
asimon@simonlawpc.com
tkrieger@simonlawpc.com
mkella@simonlawpc.com
baskew@simonlawpc.com
sto@simonlawpc.com

T. John Ward, Jr.
Ward & Smith Law Firm
1127 Judson Road, Suite 220
Longview, Texas 75601
P. 903-757-6400
F. 903-757-2323
jw@wsfirm.com

***ATTORNEYS FOR PLAINTIFF
INNOVATIVE DISPLAY
TECHNOLOGIES LLC***